## JOHN P. WATSON *v.* A. LEDOUX & CO.

A planter is not liable for the whole costs of closing a crevasse which has occurred on his land, without being traced to any negligence on his part; but, after a break has occurred in the levee, he is bound to work on it with his whole force, and, if he does not do so, he is bound for the hire of such labor and materials as he was able to have furnished.

APPEAL from the Second District Court of New Orleans, *Lea,* J. *Durant* and *Hornor,* for plaintiff. *Elmore* and *King,* for defendants. The judgment of the court (*Eustis,* C. J., absent,) was pronounced by

ROST, J. The plaintiff sues for labor and materials furnished in stopping two crevasses in the levee of the defendants' plantation, situated on the Mississippi river, in the parish of Pointe Coupée. The defendants excepted to the petition, on the ground that it disclosed no cause of action against them, and that, even if the allegations in the petition were true, under the laws of the State and the police regulations of the parish of Pointe Coupée, the plaintiff cannot maintain his suit. The district judge was of opinion that it should have been alleged or shown that the defendants were bound in law to have incurred the expense for which the plaintiff claims to be reimbursed, and dismissed the petition, because this had not been done. The plaintiff has appealed.

The reasons of the judgment are not satisfactory to us. On the trial of the exception, the plaintiff could not introduce evidence to show that the defendants were bound, in the manner alleged by him, and if, under the law, there is a class of cases in which they would be liable, the allegation, as made, is sufficient; whether they come or not within that class, is a matter of defence.

We have been referred, by the defendants' counsel, to the 21st and 26th sections of the regulations of the police jury of the parish of Pointe Coupée, as sustaining the position, that the defendants are not liable to the plaintiff.

The first of those sections does not apply to cases in which the planter, on whose land the crevasse occurs, is able to repair the damage with his own slaves, but fails to do so, and the fund created by the 26th section, cannot be appropriated to the payment of expenses incurred by the inspector in repairing such damage.

It is urged, that the petition does not allege that the inspector notified the defendants to employ their slaves in repairing the damage. We hold them to have been sufficiently notified by the overflow of their fields.

Admitting, that when a crevasse cannot be traced to the negligence of the planter, he is not, in all cases, liable for the entire cost incurred in closing it, it is equally true, that as soon as a break in his levee occurs, he is bound to work upon it with his entire force. All planters know, that in the great majority of cases, those breaks are originally inconsiderable, and easily repaired, if taken in time, and if, instead of availing themselves of that knowledge, the defendants employed the labor of their slaves otherwise, and it became necessary that the inspector should take the matter in hand, justice and public policy alike require, that the expenses incurred in hiring labor and procuring materials, which the defendants were able to furnish, should not become a charge upon the parish. The sections of the ordinance relied on, are evidently framed with that view.

We do not know what the facts are, in this case, and must not be understood as prejudging it, but it is enough to maintain the plaintiff's action, that they may be as we have supposed them.

It is therefore ordered, that the judgment dismissing the petition be reversed, and the petition reinstated, and the cause remanded, with directions to the district judge to overrule the exception, and otherwise proceed according to law; the defendants and appellees paying the costs of this appeal.

SLIDELL, J., dissenting. I think the views of the district judge, especially when considered with reference to the regulations of the police jury, are correct, and that the exception was well taken.